

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2005

# Hill v. True

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hill v. True" (2005). *2005 Decisions.* Paper 749.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/749

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-250                                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4742
_____

ERIC CHRISTOPHER HILL

v.

WARDEN WILLIAM TRUE;
MR. BLANCHARD;
LIEUTENANT JOHNSON;
J. FISHER, Officer;
J. CANDALORA, Officer;
W. MILLER;
DON EMONY[1]

Eric Hill,

Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 98-cv-00747)
District Judge: Honorable A. Richard Caputo

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2005

Before:  ALITO, MCKEE AND AMBRO, CIRCUIT JUDGES

(Filed August 2, 2005)

_____

[1] The proper spelling of this party's name appears to be Emory.

_____

OPINION

_____

PER CURIAM

Eric Hill, pro se, appeals from an order of the United States District Court for the Middle District of Pennsylvania granting Appellees' motion for summary judgment.

Hill arrived at the United States Penitentiary at Lewisburg, Pennsylvania in December 1997. Upon arrival, Hill stated that he did not have any issue with being assigned to general population. Shortly thereafter, however, he informed the warden by letter that he feared for his life because there were other inmates at Lewisburg that would kill him.[2] Hill, therefore, requested protective custody. When the Special Housing Unit ("SHU") interviewed Hill, however, he stated that he had already discussed the issue with prison personnel and would not repeat the information. A review of Hill's intake interview revealed that Hill claimed to have had a knife fight with an inmate at Lewisburg, but Hill would not identify the inmate. Prison officials were, therefore, unable to verify Hill's claim or ascertain whether the other inmate(s) in question were still housed at Lewisburg. After additional fruitless interviewing, the SHU officials classified Hill as an unverified protection case and ordered him to go into the general population.

---

[2] This factual background is based on Appellees' statement of facts. Because Hill failed to submit a contrary statement of facts, for purposes of summary judgment, he has admitted these. See M.D. Pa. L.R. 56.1.

Hill refused and was given a misconduct for "refusing to program." At the hearing for his misconduct, Hill declined to call witnesses on his behalf. He was sanctioned with the loss of five days good conduct time and ninety days privileges at the commissary.

Based on the above, in May 1998, Hill filed the instant civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against various individuals employed at Lewisburg.[3] Hill claims that Appellees conspired to file false misconducts against him in retaliation for his filing a lawsuit against them about two months earlier. He sought monetary damages but did not request expungement of the misconducts or reinstatement of his lost good conduct time.

Appellees filed a motion to dismiss or, in the alternative, for summary judgment. The District Court granted the motion for several reasons. First, the District Court concluded that Hill's response to Appellees' summary judgment motion failed to address the substance of the motion. Hill merely argued that the summary judgment motion was untimely and that Appellees had waived all defenses when they jointly moved for summary reversal on Hill's appeal from the District Court's earlier order dismissing for failure to exhaust administrative remedies.[4] The District Court concluded that both of these procedural challenges were meritless.

_____

[3] Hill's complaint was not served on Appellees until October 22, 2003.

[4] In C.A. No. 98-7593, we summarily reversed the District Court's order dismissing Hill's complaint for failure to exhaust administrative remedies. In that order, we instructed Appellees that they could not avail themselves of the defense of failure to exhaust. We did not limit the availability of other defenses.

In addition, the District Court reasoned that Hill's claim was barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Because the favorable termination of this action would necessarily imply the invalidity of Hill's loss of good conduct time, the District Court found that such a remedy could only arise through habeas corpus proceedings. <u>See</u> <u>Heck</u>, 512 U.S. at 487.

With respect to Hill's allegation of a conspiracy among Appellees, the District Court concluded that Hill failed to show that the Appellees acted in concert with one another. The court further noted that, at most, the facts sustained that there was a series of events leading to Hill's misconduct charge.

Finally, regarding Hill's claim of retaliation, the District Court concluded that Hill failed to show that the Appellees' actions deterred him in any way from engaging in the protected activity of litigation. Moreover, the District Court found that even if Hill could show that he had been deterred from pursuing litigation, he could not show the existence of a causal nexus between his alleged deterrence from constitutionally protected activity and the misconduct charge.

Hill appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. <u>See</u> <u>Guardian Life Ins. Co. of Am. v. Goduti-Moore</u>, 229 F.3d 212, 213 (3d Cir. 2000).

We agree with the District Court's grant of summary judgment in favor of Appellees for the reasons discussed in the District Court's memorandum and summarized

4

above.

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we will summarily affirm the District Court's order granting summary judgment in favor of Appellees. See Third Circuit I.O.P. 10.6.